UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN AMBERS,<br><br>    Plaintiff,<br><br>  v.<br><br>HENRY RICHARDS *et al.*,<br><br>    Defendants. | Case No. C05-5031RJB<br><br>REPORT AND RECOMMENDATION:<br><br>**NOTED FOR:<br>JUNE 24TH, 2005** |

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is defendant's first amended motion to dismiss or in the alternative for a more definite statement.  (Dkt. # 18).  Plaintiff has responded.  (Dkt. # 22).  Defendants have replied.  (Dkt. # 21).

## FACTS

Plaintiff alleges that on October 14th, 2004 he approached defendant Cathi Harris, Assistant Clinical Director, at the Special Commitment Center, asking her repeatedly if it was appropriate for staff to engage in "inappropriate behavior" while on state grounds.  (Dkt. # 5, page 10).  Plaintiff admits he attempted to get an answer to his inquiries several times.  Defendant Harris excused

REPORT AND RECOMMENDATION - 1

herself, and left the area.  A short time later plaintiff was given a Behavior Modification Report, BMR, for sexual harassment and intimidation.

Plaintiff indicates in the complaint he had heard Ms. Harris and her supervisor, Rick Ramseth had been caught by a co-worker engaging in sex while on the Special Commitment Center grounds and he indicates that his questions concerned her behavior.  (Dkt. # 5).  Plaintiff was found guilty at his BMR hearing.  He lost his job and privilege level.  Plaintiff claims he was not allowed to call witnesses or that his witnesses were discouraged from attending his hearing, but he provides no connection between his claims and any named defendant.  (Dkt. # 5).

He brings this action alleging violations of his First, Fifth Thirteenth and Fourteenth Amendment Rights.  While he also attempts to bring a state claim, review of the complaint shows he is in fact asking this court to charge the defendants under state law with a state crime.  (Dkt. # 5, page 2 § 2.2).  The complaint is a rambling and disjointed 21 page document with attachments.  The complaint does not clearly connect the conduct of any named defendant to the alleged violations and the complaint cross references by paragraph numbers.

Defendants bring the motion pursuant to Fed. R. Civ. P.12 b(1) and (6) and in the alternative ask for a more definite statement under 12 b(c).  Defendants argue: 1) failure to set forth "jurisdictional facts" of a federally protected right, 2) personal participation, 3) qualified immunity, 4) Eleventh Amendment, 5) standing to seek injunctive relief, 6), that 42 U.S.C. 1997 does not create a separate cause of action and, 7) supplemental jurisdiction should be declined.

Having reviewed the entire file and carefully considering the briefing the undersigned concludes defendant's motion for a more definite statement should be **GRANTED**.  The complaint in this case is in violation of Fed. R. Civ P. 8 (a).  Having reached this conclusion the court should not address the other issues raised until a proper complaint is before the court.

## DISCUSSION

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41,

REPORT AND RECOMMENDATION - 2

45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

Plaintiff has submitted a confusing 21 page complaint that contains rhetoric without connecting facts or actions to named defendants. The court has determined that plaintiff alleges his First and Fifth Amendment rights were violated when he was given a BMR. He specifically indicates he is alleging a violation of his right to free speech. (Dkt. # 5, page 16 ¶ 7.2). However, plaintiff has failed to plead facts showing his speech was protected activity under the First Amendment.

Further, plaintiff has failed to allege facts showing that his race was a factor in any decision or action in the complaint. Therefore, his Thirteenth Amendment cause of action is deficient. (Dkt. # 5, page 18 ¶ 7.5 and 7.6). Finally, plaintiff alleges he was denied his right to call witnesses at his hearing but he fails to plead facts to show he had an interest in life, liberty, or property at stake in the hearing. Plaintiff also fails to plead facts showing any named defendant played any role in the alleged denial of witnesses. Plaintiff does not identify who conducted his hearing, or what steps he took to obtain witnesses.

The court is not ruling plaintiff cannot state a claim, however, the complaint now before the court does not set forth very many facts with any detail. The complaint does not link the alleged conduct of a person to the alleged cause of action  The defendants are correct in moving for a more definite statement. The defendants are entitled to a short plain statement of the claim and the relief sought. The complaint in this action does not meet the pleading requirements of Fed. R. Civ. P. 8(a). Accordingly, plaintiff should be ordered to file an amended complaint.

In submitting a new complaint plaintiff should inform the court who the defendants are and what their title is without any dissertation or rhetoric as to what rights he believed were violated by

REPORT AND RECOMMENDATION - 3

that person. There should then be a facts section where plaintiff gives the details he alleges gives rise to his claims. The conduct plaintiff relies on in claiming liability on each defendant should be set forth in the fact section and the defendant identified with the facts. There should then be causes of action naming each defendant and the alleged constitutional violation. Finally, there should then be a statement of what relief plaintiff seeks.

## CONCLUSION

The court should **DENY** defendant's motion to dismiss without prejudice, **GRANT** defendant's motion for a more definite statement, and order plaintiff to submit an amended complaint that complies with the direction given in this Report and Recommendation. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 24th, 2005.**

DATED this 24th day of May, 2005.

                                                   */S/ J. Kelley Arnold*
                                                   J. Kelley Arnold
                                                   United States Magistrate Judge

REPORT AND RECOMMENDATION - 4